UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

*In the Matter of the Application of*

NIEDERREITER GMBH AUSTRIA,

*Petitioner,*

*- against –*

DEVON MEDICAL INC.,

*Respondent.*

---

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner Niederreiter GmbH Austria ("Niederreiter"), by and through its undersigned attorneys, petitions this Court to confirm a final arbitration award against respondent Devon Medical, Inc. ("Devon") as follows:

1.  This is a proceeding to enforce a final arbitration award entered in the International Court of Arbitration of the International Chamber of Commerce in Vienna, Austria (the "ICC"), a certified English translation of which is annexed as Exhibit A (the "Award"). The ICC awarded to Niederreiter $898,591.22 in damages, fees and costs, together with injunctive and declaratory relief, and pre-judgment interest to be calculated upon entry of judgment, by reason of Devon's breaches of an exclusive distribution agreement for the "ExtriCare" pump utilized medically for treating serious wounds.

## PARTIES

2.    Petitioner Niederreiter GmbH is a limited liability company formed under the laws of the Republic of Austria having a registered office at Fabrikstrasse 2, 6460 Imst, Austria.

3.    On information and belief, respondent Devon Medical Inc. is a company formed under the laws of the Commonwealth of Pennsylvania having a registered office at 1100 First Avenue, Suite 100, King of Prussia, PA 19406, USA.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this proceeding under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C §§ 201-208, as it involves enforcement under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 1958 (the "NY Convention") of an arbitration award arising out of a commercial contractual relationship that is not entirely between citizens of the United States.

5.    Pursuant to Section 203 of the Federal Arbitration Act, this Court has "original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

6.    This Court has further subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action between a citizen of the Commonwealth of Pennsylvania and a citizen of the Republic of Austria, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper under Section 204 of the FAA because this is a district in which "save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought . . . ."

8. Venue also is proper in this district under 28 U.S.C. § 1391(a) because Devon resides in this district and is subject to personal jurisdiction here and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ARBITRAL PROCEEDINGS

9. Petitioner Niederreiter commenced the ICC proceeding against Devon by request for arbitration filed July 9, 2015. (Award, ¶ 13).

10. The ICC Secretariat effected service of process on Devon on July 23, 2015. (¶ 13).

11. Notwithstanding Devon's full knowledge of the ICC proceeding, it elected not to appear and instead permit an award to be entered on default.

12. As noted in the Award, Devon defaulted on fourteen separate occasions during the proceedings. (¶¶ 17, 20, 23, 28, 30, 31, 34, 36, 39, 40, 57, 60 & 152).

13. Following an evidentiary hearing before Sandra De Vito Bieri, duly appointed as sole arbitrator, the Award was issued on November 1, 2016.

14. Pursuant to the Award, respondent Devon was ordered to pay to Niederreiter the amount of EUR 726,645.41 plus interest at the rate of 8% as of the date on which the legal action was served, *i.e.,* July 23, 2015, together with arbitration fees of USD 62,132.00 and attorney's fees of EUR 29,852.03. The Award also

enjoined Devon from granting to a third party or parties, in particular Coloplast S.p.A, distribution rights for the pumps it manufactures in the product line "ExtriCare" in the Republic of Italy during the period of time in which the Distribution Agreement of March 12, 2014 with the petitioner is in effect, and awarded declaratory relief that Devon is liable to Niederreiter for future damages arising from infringements.

15. Respondent Devon was further directed to pay the amounts due and owing to petitioner Niederreiter's counsel within 14 days from the Award, *i.e.,* on or before November 15, 2016. (¶ 161).

16. No part of the payments directed in the Award were thereafter made by respondent Devon and the Award remains wholly unsatisfied.

17. Pursuant to the applicable *Hicks-Deutsche Bank* rule, the US dollar amounts owing for damages and attorney's fees are $803,451.83 and $33,007.39, respectively, based upon the November 1, 2016 exchange rate of 1.1057 in effect on the date of the Award as published in the *Wall Street Journal*.

18. Prior to commencement of this proceeding, on May 29, 2019, petitioner Niederreiter's counsel was advised by Devon's principals, John Bennett and Chip Ross, that Devon had no intention of satisfying the Award and would instead defend on the purported basis that Devon was judgment proof.

## REQUEST FOR ENFORCEMENT

19. Pursuant to Section 207 of the FAA, this "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [NY] Convention."

20. As no ground exists under the Convention to refuse or defer recognition or enforcement of the Award, the Court should confirm the Award and direct entry of judgment.

WHEREFORE, petitioner Niederreiter requests that this Court enter an order confirming the Award and directing entry of judgment in favor of petitioner Niederreiter and against respondent Devon:

(a)  awarding $803,451.83, plus interest at the rate of 8% from July 23, 2015;

(b)  awarding $62,132.00 in arbitration fees, together with prejudgment interest from November 15, 2016;

(c)  awarding $33,007.39 in attorney's fees, together with prejudgment interest from November 15, 2016;

(d) enjoining respondent Devon from granting to a third party or parties, in particular Coloplast S.p.A, distribution rights for the pumps it manufactures in the product line "ExtriCare" in the Republic of Italy during the period of time in which the Distribution Agreement of March 12, 2014 with the petitioner is in effect;

(e)  declaring that respondent Devon is liable to petitioner Niederreiter for future damages arising from infringements of the Distribution Agreement of March 12, 2014;

(f)  costs;

(g)  pre-judgement interest;

(h)  attorney's fees; and

(i)  such other and further relief as is just and proper.

Dated:  October 28, 2019

Daniel P. McElhatton
Law Offices of Daniel P. McElhatton P.C.
2000 Market Street, Suite 1400
Philadelphia, PA 19103
Tel: (215) 557-0811
Fax: (215) 557-0814
dpmcelhatton@mcfol.com


*Of Counsel:*

James G McCarney
McCARNEY LAW P.C.
29 Broadway, Suite 1400
New York, New York 10006
(212) 797-1338
jmccarney@mccarneylaw.com


*Attorneys for Petitioner*
*Niederreiter GmbH Austria*